UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL GRESHAM et al.,

        Plaintiffs,                              Case No. 1:10-cv-1215

v.                                                    Honorable Robert J. Jonker

J. SMITH et al.,

        Defendants.
_____/

## OPINION DENYING LEAVE TO PROCEED
## ON APPEAL *IN FORMA PAUPERIS* - THREE STRIKES

On December 9, 2010, Plaintiff Michael Gresham filed a prisoner civil rights complaint under 42 U.S.C. § 1983. The Court dismissed the action for lack of prosecution on August 15, 2011. Plaintiff now has filed a notice of appeal, but he has failed to submit the $455.00 filing fee. Plaintiff also has filed a "motion for reconsideration" of the Court's denial of leave to proceed on appeal *in forma pauperis* (docket #51), which the Court construes as a request to proceed on appeal *in forma pauperis*.[1] Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* on appeal under 28 U.S.C. § 1915(g).

---

[1] Plaintiff's motion for reconsideration and for appointment of counsel on appeal is identical to motions filed in two other cases on the same date. *See Gresham v. Makela et al.*, No. 2:10-cv-197 (W.D. Mich.) (docket #61); *Gresham v. Smith et al.*, No. 1:10-cv-1300 (W.D. Mich.) (docket #41). The Court previously denied leave to proceed on appeal *in forma pauperis* in those actions. Plaintiff appears to have submitted his motion in the instant case in anticipation of the Court's denial of leave to proceed on appeal *in forma pauperis*. The Court therefore construes the instant motion as one for leave to appeal *in forma pauperis*. The request for appointment of counsel is addressed in a separate order.

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint or appeal. *Id.* For example, a prisoner is liable for the civil action or appellate filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of

serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an extremely active litigant in this Court, having filed nearly forty civil actions. The Court has dismissed far more than three of Plaintiff's actions for failure to state a claim. *See Gresham v. Caruso et al.*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham et al. v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Wolak et al.*, No. 2:10-cv-239 (W.D. Mich. July 25, 2011); *Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Verville et al.*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Mich. Dep't of Corr. et al.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008). In addition, on numerous prior occasions, the Court has denied Plaintiff leave to proceed *in forma pauperis* because he has three strikes. S*ee Gresham v. Heyns et al.*, 1:12-cv-277 (W.D. Mich. April 11, 2012); *Gresham v. Snyder*, 1:12-cv-143 (W.D. Mich. Mar. 6, 2012); *Gresham v. Mutschler et al.*, No. 2:12-cv-9 (W.D. Mich. Feb. 12, 2012); *Gresham v. Violetta et al.*, No. 2:12-cv-24 (W.D. Mich. Feb. 6, 2012); *Gresham v. Dahl et al.*, No. 2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel et al.*, No. 2:11-cv-520 (W.D. Mich. Feb. 6, 2012); *Gresham v. Snyder et al.*, No. 2:12-cv-5 (W.D. Mich. Jan. 27, 2012); *Gresham v. LaChance et al.*, No. 2:11-cv-231 (W.D.

Mich. June 24, 2011); *Gresham v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. June 9, 2011); *Dennis et al. v. Canlis et al.*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011).

In his motion for leave to proceed *in forma pauperis*, Plaintiff alleges that his appeal falls within the exception to the three-strikes rule for persons who are in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). He asserts that he has been taking psychotropic medications and has two hernias that cause him pain. Even if true, Plaintiff's allegations fail to demonstrate that he is in imminent danger of serious physical injury within the exception to § 1915(g). *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (defining imminent danger). His alleged conditions are neither sufficiently serious nor imminently dangerous. Moreover, the imminent-danger exception unquestionably is intended to excuse payment of the filing fee only when the action or appeal in issue actually involves the prisoner's claims about his physical safety. In the instant case, Plaintiff's appeal relates only to the propriety of this Court's dismissal of Plaintiff's action for lack of prosecution and its refusal to reopen the case.[2] As a result, the issues on appeal are wholly irrelevant to Plaintiff's allegations of imminent danger. In addition, the appeal is frivolous, because Plaintiff fails to demonstrate a satisfactory justification for his failure to comply with the Court's orders.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* on appeal. Accordingly, Plaintiff's motion for reconsideration (docket #51), construed as a motion to proceed on appeal *in forma pauperis*, will be denied. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire filing fee for appealing a civil action, which is

---

[2]Indeed, to the extent that he appeals the August 15, 2011 order dismissing the case, his appeal also is untimely. *See* FED. R. APP. P. 4(a).

$455.00, to the Clerk of this Court. Plaintiff's failure to comply with this order may result in dismissal of this appeal without prejudice by the Sixth Circuit Court of Appeals.

An order consistent with this opinion will issue.


Dated:     June 7, 2012                     /s/ Robert J. Jonker
                                                                      ROBERT J. JONKER
                                                                      UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**